DAUGHERTY *v.* STATE.

Opinion delivered September 24, 1917.

LARCENY—HORSE—AMOUNT OF PUNISHMENT.—Appellant was indicted for the larceny of a buggy of the value of $40, a set of harness of the value of $10, and a horse. The jury found defendant guilty and fixed his punishment at 10 years in the penitentiary. The court instructed the jury that they could convict and punish either for the larceny of the horse or of the buggy and harness. *Held,* under this instruction the conviction was manifestly for the larceny of the horse, and that therefore, under the statute, the punishment fixed was not excessive.

Appeal from Jefferson Circuit Court; *W. B. Sorrells,* Judge; affirmed.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The verdict is not cruel nor excessive. Kirby's Digest, § 1828; 45 L. R. A. (note) 136; 113 Ark. 454-464; 68 N. W. 636; 69 *Id.* 953; 78 Pac. 897; 102 Fed. 473.

2. The evidence fully sustains the verdict.

WOOD, J. Appellant was convicted on an indictment charging him with "feloniously taking, stealing and carrying away one buggy of the value of forty dollars, and one set of harness of the value of ten dollars, and one horse, all the property of L. F. Boston," etc. The jury fixed the punishment at ten years in the State penitentiary, and from the judgment of sentence the appellant prosecutes this appeal.

The only specific ground in the motion for a new trial is because the verdict of the jury "assesses his punishment for grand larceny of property that the proof shows was not over forty dollars in value at ten years in the penitentiary, which is cruel and excessive."

The statute provides that "whoever shall be convicted of stealing any horse," etc., shall be imprisoned in the State penitentiary not less than one nor more than fifteen years. The punishment in cases of grand larceny, under the general statute, is not less than one nor more than five years.

The trial court instructed the jury that if they found the appellant guilty they could only fix his punishment for the larceny of either the horse or the buggy and harness. The jury, under this instruction, manifestly fixed the punishment of the appellant as for the larceny of the horse. The statute authorizes the punishment thus adjudged, and the verdict did not exceed the maximum penalty prescribed by the statute for the larceny of a horse. Therefore, no unusual, cruel or excessive punishment was imposed. See *In re Wm. W. Taylor,* 45 L. R. A. 136, and note.

No specific assignment of error in the giving of instructions is set up in the motion for a new trial. The motion for a new trial contains only a general assignment, "that the verdict is contrary to the law." We find no error in the instructions.

The only other ground of the motion for a new trial is that the verdict was contrary to the evidence. It could serve no useful purpose to set out in detail and discuss the evidence. It was amply sufficient to sustain the verdict.

The judgment is, therefore, in all things correct, and it is affirmed.