GRAY *v.* STATE.

Opinion delivered April 5, 1920.

1.  HOMICIDE—ASSAULT WITH INTENT TO KILL—EVIDENCE.—In a prosecution for assault with intent to kill, evidence *held* to sustain a verdict of guilty.

2.  CRIMINAL LAW—FORMER TESTIMONY OF ABSENT WITNESS—FOUNDATION.—It was not competent in a felony case to prove the former testimony of certain absent witnesses until proper foundation was laid by showing that such witnesses were out of the jurisdiction of the court, and that their testimony could not otherwise be procured.

Appeal from Miller Circuit Court; *James S. Steel,* Judge; affirmed.

*John D. Arbuckle,* Attorney General, and *J. B. Webster,* Assistant, for appellee.

1.  There was no error in permitting witness Dan McKinney to testify that appellant had gotten $6.45 from him. Evidence on this point was admitted without objection by appellant, and he can not now complain as he is estopped to complain. 4 C. J. 720, note B.

2.  There was no error in admitting the evidence of Minnie Nelson, Ethel Knight and Mathew Singleton. Due diligence was not shown.

3.  There was no error in the instructions. They follow the law as often declared by this court.

4.  The evidence sustains the verdict.

McCulloch, C. J. Appellant was tried below and convicted of the crime of assault with intent to kill, alleged to have been committed by shooting one Dan McKinney.

No brief has been filed on behalf of appellant, but we have examined the motion for new trial and other

parts of the record, and the numerous assignments of error in the motion. We will discuss only those which appear to be matters of importance in determining whether or not prejudicial error was committed.

The evidence is sufficient to sustain the verdict. Appellant and McKinney are both young negroes who were employed by a railroad company as laborers, and lived on a work train. The shooting occurred in one of the bunk cars, where the two men slept. The difficulty began with a demand made by McKinney on appellant for the return of the sum of $6.65, which McKinney claimed appellant had stolen, or in some other way taken from him. Appellant agreed to get the money from the "boss" and pay it to McKinney, and went off for that purpose, but did not return until the next day. McKinney again made demand for the return of the money, and, according to McKinney's testimony, appellant, who was sitting on the side of the bed, reached under the pillow and drew out a pistol and immediately began shooting at McKinney, who received a serious wound, a bullet entering the back of his neck and coming out in front at the throat. McKinney ran and appellant continued shooting. There was other testimony in the case in support of McKinney's, which tended to show that appellant was not justified in firing at McKinney, and that he fired the shot with specific intent to kill and under circumstances which would have been sufficient to constitute murder in the first degree if death of the victim had resulted.

During the course of the trial appellant's counsel offered to introduce the testimony of Minnie Nelson and two other absent witnesses. The court denied the request, and that ruling is assigned as error. There was no showing made that the absent witnesses were out of the jurisdiction of the court so that their attendance could not be procured. It appears that subpoenaes had been issued the afternoon before the trial began, and that the sheriff in a very hurried search at one particular place in the county had not been able to serve the witnesses, but there was no showing that the witnesses were

not in the county or in the State. Counsel undertook to give a reason why the subpoenaes were not issued earlier, but there was no request for a postponement of the case in order to procure the attendance of the witnesses. It was not competent to prove the former testimony of the witnesses until proper foundation was laid by showing that the witnesses were out of the jurisdiction of the court and their testimony could not otherwise be procured.

Objections were made to each one of the instructions given by the court, but the instructions seem to follow in form and substance the law as often declared by this court in cases of this kind.

No error is found in the proceedings, and the judgment is, therefore, affirmed.