## WHITE v. STATE.

### Opinion delivered September 27, 1920.

1. CRIMINAL LAW—NEWLY DISCOVERED EVIDENCE.—A motion for new trial for newly discovered evidence tending to prove that the State's witness had perjured himself was properly overruled where defendant does not set forth in his motion any facts tending to prove that he could not by reasonable diligence have produced the witness who could have testified to the newly discovered evidence.

2. CRIMINAL LAW—HEARSAY EVIDENCE.—In a prosecution for arson by burning a barn, the trial court properly permitted a witness to testify that another witness showed him tracks found in the vicinity of the barn; such testimony not being hearsay.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade,* Judge; affirmed.

*John A. Hibbler,* for appellant.

The court erred in refusing a new trial upon the affidavit of Lewis Seawood. Appellant was taken by surprise in the testimony of Morris Thomas. It is evident he perjured himself. 173 S. W. 405; 69 Ark. 545; 86 *Id.* 481.

*John D. Arbuckle,* Attorney General, and *Silas W. Rogers,* Assistant, for appellee.

1. Appellant did not object to the testimony of Morris Thomas and he can not now complain. 52 Ark. 180; 101 *Id.* 443.

2. He does not show due diligence. 137 Ark. 107. And motions for new trial for newly discovered evidence are addressed to the sound discretion of the court. 85 Ark. 179.

3. The evidence amply sustains the verdict.

Wood, J. The appellant was convicted of the crime of arson in the burning of a barn, the property of Mrs. Mark Valentine, in Pulaski County, Arkansas, on the night of December 3, 1919.

The **principal ground** urged by the appellant for reversal is that at the trial Morris Thomas testified for the State that on the night when the barn and cotton house of Mrs. Valentine was burned he had seen the fire a half mile away and hurried until he reached the point near the path leading from the burning barn and that he saw a man, whom he recognized to be C. W. White, go through a wire fence; and that since the trial appellant had discovered that Thomas had perjured himself in testifying to such a statement of facts as shown by the affidavit of one Lewis Seawood, to the effect that Morris Thomas said to him on the 5th day of January, 1920, that he was asleep in his bed on the night that the barn was burned on the Mark Valentine place; that he did not know anything about the burning until he was awakened by one McNeal; that the fire was well developed before he was awakened; that the barn was burning and in the act of falling in when he came from his room.

This ground of appellant's motion for a new trial is not well taken for the reason that he does not set forth in his motion any facts tending to prove that he could not by reasonable diligence have produced the affiant, Seawood, as a witness at the trial. "The party asking for a new trial for newly discovered evidence should not only state in his motion that he did not know of the existence of the testimony in time to produce it at the trial, but should also show facts from which it will appear that he could not have ascertained or obtained it by reasonable diligence." *Lynn* v. *State,* 137 Ark. 92-107, and cases therein cited.

There was no error in the ruling of the court permitting witness, Mark Valentine, to testify that one Otis Carpenter showed him tracks which he found in the vicinity of the barn. This was not hearsay testimony.

Both Carpenter and Valentine testified fully as to these tracks and as to what they themselves saw and as to what they did in comparing these tracks with tracks made by shoes which the evidence tended to prove were worn by the appellant on the night that the barn was burned. This was direct evidence tending to identify the tracks in the vicinity of the barn as tracks made by the appellant and tending to connect him with the commission of the felony.

There was evidence to sustain the verdict. No objection has been urged to the instructions. The rulings of the trial court were correct, and the judgment is therefore affirmed.