## MORRIS v. STATE.

### Opinion delivered October 3, 1921.

1. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—DILIGENCE.—A new trial for newly discovered evidence will not be granted where the party moving for new trial knew of the evidence before the trial and neglected to avail himself of it at the trial.

2. WITNESSES—SELF-INCRIMINATION.—In a prosecution for assault with intent to kill, a third person could not be compelled to testify that he, and not the defendant, shot the prosecuting witness, since one could not be compelled to incriminate himself.

Appeal from the Stone Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*S. W. Woods,* for appellant.

The motion for new trial on the ground of newly-discovered evidence should have been sustained, as it met all the requirements laid down in 2 Ark. 33.

Under our law the witness Shanks could not have been compelled to incriminate himself by his testimony in the case, but, after his expressed willingness to testify was made known to appellant, this testimony stood in the same position as newly discovered testimony.

The courts of some States have held that where several parties were jointly indicted and tried, and the defendants were not competent witnesses, and part were convicted and part acquitted, those who were convicted were entitled to a new trial, so that they could avail themselves of the testimony of the acquitted defendants. 41 Tex. 172; 19 Am. Rep. 38; 52 Tex. Crim. 465; 56 Tex. Cr. 202.

*J. S. Utley,* Attorney General; *Elbert Godwin* and *W. T. Hammock,* assistants, for appellee.

Appellant in his motion for new trial did not meet the requirements laid down by 2 Ark. 33. Shanks could have been put on the witness stand, and if he had there denied that he had done the shooting, under § 4186, C. & M. Digest, appellant could then have introduced various witnesses to whom Shanks had stated that he had shot Taylor. It is worthy of note that these parties to whom Shanks made his statements were all close personal friends of the appellant.

The finding made by the court, after hearing the testimony of Shanks and Ware, that the affidavits made by them were not based on the truth, should have the same sanctity as the verdict of a jury.

McCulloch, C. J. Appellant was convicted of the crime of assault with intent to kill, alleged to have been committed by shooting one Taylor with a gun. It is undisputed that Taylor was shot and seriously wounded as he was driving along a lonely part of the road late in the evening of March 26, 1921, returning to his home in Stone County from Mountain View, the county seat.

Taylor testified that appellant did the shooting. His statement was, in substance, that as he was driving along in a wagon he saw appellant come out into the road with a gun on his shoulder, and, after walking a short distance in the direction of the witness, he turned into the bushes, and as the witness drove by he fired the shot which took effect in the shoulder of witness. He testified that he saw appellant and recognized him as he fired the gun.

Appellant testified in his own behalf, and denied that he fired the shot or was present when the prosecuting witness received the wound. Appellant testified that he was out in the woods hunting for strayed goats, and upon hearing the shooting he went to the scene and ascertained for the first time that the witness, Taylor, had been shot. There had been previous difficulties and ill-will between the parties, and each one in his testimony

placed the blame for their troubles on the other. There was other testimony in the case bearing with more or less force on the question as to who fired the shot, but all of the direct testimony on that issue came from the two parties to the encounter, the appellant and Taylor.

After the return of the verdict appellant filed a motion for new trial, setting up, in addition to other grounds, the discovery of new evidence. It was alleged in the motion that Taylor was shot by one Shanks, and there was filed with the motion certain affidavits tending to support the claim that Shanks did the shooting. One of the affidavits was made by Shanks himself, in which he swore that he shot Taylor himself; there was also filed the affidavit of one Ware, stating that he was in the woods near the scene of the shooting and saw Shanks shoot the witness Taylor. There were also affidavits of other parties to the effect that on the night of the shooting Shanks came to a dance in the neighborhood and told them that he shot Taylor. On the trial of the motion Shanks and Ware were introduced as witnesses, and Shanks testified to the same effect as the statement in his affidavit, that he had shot Taylor and did so in self-defense, after having engaged Taylor in a conversation with reference to an alleged slanderous statement made by Taylor concerning the mother of witness. Ware testified that he was standing in the woods near a little branch or creek, and, after hearing a quarrel between the parties, he looked and saw Shanks shoot Taylor. The court overruled the motion for new trial, and in doing so stated that he knew from his own personal knowledge that appellant and his counsel were advised before the trial that Shanks claimed to have done the shooting, and also that the court did not believe that the statements of the witnesses were true.

It appears from the record that Shanks was summoned as a witness and was in attendance at the trial, and on the cross-examination of Taylor appellant's counsel asked him the question whether or not Shanks had

done the shooting. It does not appear that appellant was apprised, before the trial, of the testimony of witness Ware, but it is clear that appellant and his counsel were advised before the trial all about the claim of Shanks that he had done the shooting and his statements to that effect to numerous parties on the night of the dance. There is an entire lack of diligence which is essential before an accused can claim the benefit of another trial on account of newly discovered evidence. Shanks could not have been compelled to testify to facts which would incriminate himself (*Ex parte Butt,* 78 Ark. 262), but after appellant's conviction he volunteered his testimony and would perhaps have voluntarily testified to the facts if he had been called to the witness stand at the trial. At least, it was the duty of appellant, knowing that Shanks had openly avowed that he had done the shooting, to call the latter to the witness stand and give him an opportunity to testify. He had so freely and publicly made the statement to that effect that it was reasonable to assume that he would then as well as later have been willing to narrate the facts on the witness stand. While appellant was not apprised, so far as it appears from the record, that Ware would testify to having seen Shanks do the shooting, it was his duty to make all possible inquiry into the testimony tending to substantiate Shanks' statement that he had done the shooting. Besides this, the story told by Shanks and Ware is so improbable that the court was justified in the conclusion that the whole thing was a "frame-up" after the trial to secure appellant's acquittal and then also to secure Shanks' acquittal on the ground of self-defense. The court was therefore correct in refusing to set aside the verdict.

This is the only ground urged here for reversal of the judgment, and since we find there was no error in refusing to grant a new trial on account of newly discovered evidence, it follows that the judgment must be affirmed, and it is so ordered.