CROUTHERS v. STATE.

Opinion delivered June 26, 1922.

1. LARCENY—SUFFICIENCY OF EVIDENCE.—In a prosecution for larceny evidence of defendants' possession of recently stolen property, together with contradictory and suspicious explanations thereof, *held* sufficient to sustain a conviction.

2. LARCENY—ALLEGATION OF OWNERSHIP—VARIANCE.—Testimony, in a prosecution for stealing automobile casings and accessories, that the alleged owner of the car from which the property was taken had not paid the entire purchase price did not constitute a variance; the buyer having an interest in the car which constitutes such a special ownership as entitled him to the possession thereof.

3. CRIMINAL LAW—SURPRISE—REFUSAL OF NEW TRIAL.—It was not an abuse of discretion to refuse a new trial in a criminal case on the ground of surprise in the introduction by the State of testimony impeaching defendant as a witness, though he did not put his reputation for honestly in issue, as he must be held, by becoming a witness, to have subjected himself to the same cross-examination and impeachment as any other witness.

4. CRIMINAL LAW—NEWLY DISCOVERED EVIDENCE.—It was not an abuse of discretion to refuse a new trial on the ground of newly discovered evidence that was merely cumulative.

Appeal from Conway Circuit Court; *A. B. Priddy,* Judge; affirmed.

*J. Allen Eades* and *Hays & Ward,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

SMITH, J. Appellant was convicted of the crime of grand laceny, alleged to have been committed by stealing two automobile casings, two innner tubes, an automobile headlight, and one automobile wheel, of the value of $35, the personal property of A. Z. Mitchell.

It is insisted, for the reversal of the judgment, that the testimony is not sufficient to support the verdict; that there is a variance between the testimony and the allegation of the indictment as to the ownership of the stolen property; that the court erred in permitting defendant to be impeached as a witness when he had not put his

good character in issue; and that the court erred in failing to grant a new trial on account of newly discovered testimony.

Mitchell testified that he resided about a mile and a half from Plumerville, in Conway County, and that in June, 1921, he was the owner of a Ford automobile, which he had purchased a short time before from A. B. Payne, a merchant in Plumerville. There were Racine casings on the car at the time of the purchase, but shortly thereafter witness purchased a Goodyear casing for the right front wheel. Witness had put a new inner tube in the Racine casing on the rear right wheel, and had also put a new tube in the Goodyear casing. On the night of June 16, 1921, someone stole the casing and tubes from the right front and rear wheels of the car, and also the right front wheel and the right headlight. Witness Mitchell lived near the road running north from Plumerville, and between eight and nine o'clock on the night of the larceny he saw someone pass his house driving a car without lights, going north. Soon thereafter he saw someone driving a car without lights going south. Witness went to Plumerville the day after the larceny and reported his loss to Payne, and about two weeks later was notified by Payne that the stolen articles had been found. Witness and Payne drove to where appellant's car was standing, and when they arrived there appellant and two boys had taken the rear casing off of appellant's car, and were taking off the front casing. There was no inner tube in the rear casing, and witness commented on that fact, whereupon appellant stated that he did not get any inner tubes but had only purchased the casings, and that he had bought new inner tubes and had put them in the casings. Before the inner tube was taken out of the front casing witness told appellant that if the inner tube was his it would have two small patches on it, and after the inner tube was removed from the front casing the patches were found just as witness said they would be, whereupon appellant said, "I reckon maybe that is

yours." Witness did not get the wheel, the headlight, nor the inner tube for the rear casing; but he did get the two casings and the inner tube for the front casing, although appellant stated at the time that he had purchased only the casings, and that he had got them from a traveling man. Witness testified that he identified the right front wheel on appellant's car as the one stolen from his car, but appellant refused to surrender it.

Payne testified that when he sold Mitchell the car he made a notation of the serial numbers of the casings, and that about a week after they had been stolen he saw the right rear casing on appellant's car. He spoke to appellant and told him that he had Mitchell's casings, and appellant stated that he had bought them from two boys, but that Mitchell could have them if they were his.

As a witness in his own behalf, appellant testified that one morning between seven and eight o'clock two young men, unknown to him, came to his store and stated that they were broke but that they had two casings and an inner tube for sale. He asked no explanation of the young men as to how they came to have the property but no money, and, although he had never seen them before, he paid them $15 for the casings and inner tube. He denied buying or having any other article of the stolen property; and he denied that Mitchell asked him about the other articles; and he denied that he had told Payne that he made the purchase from a traveling man.

Appellant stated that he was at home on the night of the larceny, but admitted he might have driven his car out on the road where Mitchell lived after his washing, but denied that he made that trip on the night the articles were stolen or that he came back by the hotel, and he denied seeing Mr. Nesbit at the hotel that night.

Appellant was corroborated relative to the purchase in June, 1921, of some casings and an inner tube by a negro named Jones and a white man named Tucker.

In rebuttal Nesbit testified that on the night of the larceny he saw appellant between ten and ten-thirty driv-

ing a car without lights coming from the direction in which Mitchell lived, and that appellant drove the car under a light near the hotel, where he plainly saw him. He stated that the top of the car was down and that he did not see any of the stolen articles in the car.

We think this testimony is sufficient to sustain the conviction. We have here the possession of recently stolen property, and explanations of that possession which are contradictory and, of themselves, calculated to arouse suspicion. *Shepherd* v. *State,* 44 Ark. 39; *Blankenship* v. *State,* 55 Ark. 244; *Duckworth* v. *State,* 83 Ark. 192; *Douglass* v. *State,* 91 Ark. 492; *Wiley* v. *State,* 92 Ark. 586; *Jackson* v. *State,* 101 Ark. 473; *May* v. *State,* 135 Ark. 400; *Long* v. *State,* 140 Ark. 417; *McFall* v. *First National Bank,* 138 Ark. 379.

It is said the testimony shows Mitchell did not pay the entire purchase price of the car, and that the title thereto was retained by Payne, and that this fact constitutes a variance, inasmuch as the indictment alleges Mitchell to be the owner of the car. On behalf of the State it is insisted that the testimony does not present this question of fact. But we pretermit a discussion of the testimony on this point, as we think there is no variance even though the title had been retained by Payne.

Mitchell was in possession of the car under a contract of sale entitling him to the possession thereof. He had an insurable interest in the car. *Hartford Fire Ins. Co.* v. *Enoch,* 79 Ark. 475. A thief has no right to demand a trial of the title to the stolen property of the person from whom it was stolen. It is sufficient if the indictment alleges one to be the owner who has such a special ownership as to entitle him to the possession and control of the stolen property. *Wells* v. *State,* 102 Ark. 627; *Cook* v. *State,* 80 Ark. 495; *Merritt* v. *State,* 73 Ark. 32; *McCowan* v. *State,* 58 Ark. 17; *Blankenship* v. *State,* 55 Ark. 244; *Scott* v. *State,* 42 Ark. 73; *Brown* v. *State,* 108 Ark. 336; *Gooch* v. *State,* 60 Ark. 5; *State* v. *Esmond,* 135 Ark. 168.

Testimony was offered by the State impeaching appellant· as a witness. He did not put his reputation for honesty in issue and claims to have been surprised that the State should have impeached him as a witness. Accompanying the motion for a new trial were the affidavits of a number of persons that the reputation of appellant for truth and veracity was good and that upon his reputation he was entitled to be believed.

We think no abuse of discretion was shown by the trial court in refusing a new trial on the ground of surprise. The defendant must be held to have known that if he became a witness he did so subject to the right of the prosecution to impeach him if that testimony was available. He knew that his reputation for honesty could not be made an issue unless he first raised the issue. But he also knew whether he intended to testify as a witness, and he must be held to have known that if he did become a witness in his own behalf he was subject to the same cross-examination and impeachment as is available against any other witness. *Shinn* v. *State,* 150 Ark. 220; *Pearrow* v. *State,* 146 Ark. 205.

The motion for a new trial set up certain newly discovered testimony. But it was cumulative to other testimony offered at the trial, and there appears to have been no abuse of discretion in this respect. *Cravens* v. *State,* 95 Ark. 321.

No error appearing, the judgment is affirmed.