WILLIAMS *v.* STATE.

Opinion delivered December 11, 1922.

1.  RAPE—CARNAL ABUSE—EVIDENCE OF PRIOR INTERCOURSE.—In a prosecution for carnally knowing a female under the age of 16, in violation of Crawford & Moses' Digest, § 2720, evidence of acts of sexual intercourse between such female and defendant before that charged is admissible, where not too remote in point of time, as showing the relation and intimacy of the parties, their disposition and antecedent conduct towards each other and as corroborating her testimony as to the act charged.

2.  RAPE—INSTRUCTION AS TO PROSECUTRIX'S AGE.—In a prosecution for carnally knowing a female under the age of 16, an instruction which failed to mention defendant's age as one of the elements of the offense was not error where no specific objection was made, and where, in other instructions, the jury were told that they could not convict unless they found that prosecutrix was under the age of 16.

3.  CRIMINAL LAW—INSTRUCTION—INVASION OF JURY'S PROVINCE.—In a proscution for carnally knowing a female under 16, an instruction referring to the female as a girl *held* not erroneous as invading the jury's province where defendant in his testimony and his counsel in examining her referred to her as a girl.

4.  CRIMINAL LAW—FORMER TESTIMONY OF ABSENT WITNESS.—Testimony given at the examining trial, where accused was present and had opportunity to cross-examine the witness, may be read in evidence on the trial without violating accused's right to be confronted with the witnesses, where the witness is too ill to attend court at the term of court, as well as where he is dead or out of the court's jurisdiction or his whereabouts cannot be learned.

5.  CRIMINAL LAW—FORMER TESTIMONY OF ABSENT WITNESS.—In determining whether the former testimony of a witness absent on account of illness should be admitted in evidence or the case be continued until the next term, much must be left to the discretion of the trial court.

6.  CRIMINAL LAW—ABSENT WITNESS—CONTINUANCE.—Where the testimony of an absent witness, as given at accused's preliminary examination, is of such a character that the rights of the accused can be better protected by the presence of the absent witness, the court should continue the case until the next term.

7.  CRIMINAL LAW—EVIDENCE.—In a prosecution for carnally knowing a female under 16, admission of her testimony that she contracted a venereal disease from defendant, who denied hav-

ing had sexual intercourse with her, or that he had such disease, was not prejudicial, where the court told the jury that it was submitted solely for what it was worth in determining the truth or falsity of her testimony.

Appeal from Prairie Circuit Court, Southern District; *George W. Clark,* Judge; affirmed.

*George W. Emerson* and *Cooper Thweatt,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

HART, J. Clint Williams prosecutes this appeal to reverse a judgment of conviction against him for carnally knowing a female person under the age of sixteen years, in violation of the provisions of § 2720 of Crawford & Moses' Digest.

The first assignment of error is that the court erred in admitting other acts of sexual intercourse between the prosecuting witness and the defendant than the one charged in the indictment.

This assignment of error is based upon the testimony of the prosecuting witness to the effect that the defendant had intercourse with her on several different occasions and at different places in the southern district of Prairie County, Ark. This assignment of error is not well taken. By the weight of authority and the better reasoning in prosecutions for carnal abuse upon a female under the age of consent, acts of sexual intercourse between the prosecuting witness and the defendant prior to the act charged in the indictment may be given in evidence as tending to sustain the principal charge by showing the relation and intimacy of the parties, their disposition and antecedent conduct towards each other, and as corroborative of the testimony of the prosecutrix touching the particular act relied upon for a conviction.

It cannot be doubted that it is competent to show the behavior of the parties toward each other and other acts of impropriety and indecency, when not too remote in point of time. It would be contrary to reason to admit such evidence and yet exclude evidence of sexual inter-

course which would tend to show that the crime charged was one likely to be committed by the defendant upon the person of the prosecuting witness. 22 R. C. L., § 40, p. 1205, and cases cited. See case note to *Boyd* v. *State,* (Ohio) 18 Ann. Cas. 441, at 443; case note to *Cecil* v. *Territory* (Okla.), 8 Ann. Cas. 457, at 459; case note to *People* v. *Gibson* (Ill.), 48 L. R. A. (N. S.) 236, and *State* v. *Driver,* 14 A. L. R. 917. This is also the effect of our holding in *Williams* v. *State,* 103 Ark. 70.

It is also assigned as error that, in one of its instructions to the jury, the court did not define the age of the prosecuting witness as one of the elements of the crime. This fault in the instruction should have been met by a specific objection. The court in other instructions plainly told the jury that it could not convict the defendant unless it found that he had sexual intercourse with the prosecuting witness within three years before the indictment was found, and that she was under sixteen years of age at the time. Doubtless, if the court's attention had been called to the omission, it would have changed the language of the instruction to meet the objection of the defendant.

Again, it is claimed that the court invaded the province of the jury by referring to the prosecuting witness as a girl, in one of its instructions. We do not agree with the defendant in this contention. Throughout his own testimony the defendant refers to the prosecuting witness as a girl. His own counsel in examining her referred to her as a little girl.

The next assignment of error is that the court erred in introducing the written statement of Rosa Deer, taken at the preliminary examination of the defendant. Rosa Deer was the mother of the prosecuting witness, and, according to the testimony of the deputy sheriff, was sick in bed at Stuttgart, Ark., which is in a county adjoining that in which the trial was had.

According to the testimony of Rosa Deer, taken at the examining trial, she saw the defendant in the act of sexual intercourse with her daughter. Our Constitution

provides that the accused shall be confronted with the witnesses against him.   Art 2, § 10 of the Constitution of 1874.   But it has been uniformly held by this court that the testimony of a witness taken at an examining trial, where the defendant was present and had the opportunity to cross-examine the witness, may be given in evidence on the trial of the defendant, where such witness, at the time of the trial, is dead or is out of the jurisdiction of the court, or his whereabouts cannot be learned, without any violation of the constitutional right of the accused to be confronted with adverse witnesses.   *Sneed* v. *State,* 47 Ark. 180; *Kelley* v. *State,* 133 Ark. 261, and *Gray* v. *State,* 143 Ark. 201.

Judge COOLEY states the exceptions to the rule that the accused has the right to be brought face to face with the witnesses against him as follows:

"If the witness was sworn before the examining magistrate, or before a coroner, and the accused had an opportunity then to cross-examine him, or if there were a former trial on which he was sworn, it seems allowable to make use of his deposition, or of the minutes of his examination, if the witness has since deceased, or is insane, or sick, or unable to testify, or has been summoned but appears to have been kept away by the opposite party."   Cooley, Constitutional Limitations, 7 ed. 451. To the same effect see Bishop's New Criminal Procedure, 2 ed. vol 2, §§ 1191 and 1201, and Greenleaf on Evidence, 15 ed. § 163.

The common-law rule has been announced to be "that if due diligence has been used, and it is made manifest that the witness has been sought for and cannot be found, or if it be proved that he was subpoenaed and fell sick by the way, his deposition may be read, for that, in such case, he is in the same circumstances as to the party that is to use him as if he were dead."   *State* v. *Harvey,* 28 La. Annual 105, and Archbold's Criminal Procedure, vol. 1, p. 147-314.   There is a conflict in the authorities in this country as to whether the witness must be perma-

nently or critically ill or only too ill to appear at the term of the court at which his case is tried.

In *Spencer* v. *State*, 132 Wis. 509, 13 Ann. Cas. 969, it is held that such testimony is only admissible when the witness is ill with no hope of recovery. Other cases recognize a much broader rule in this regard. It has been held that where the witness has been duly subpoenaed and became sick so that he is unable to attend the term of the court at which the case is to be tried, his evidence given on the former trial, or at the examining trial of the defendant, may be read in evidence. *State* v. *Wheat*, (La.) 35 Sou. 955, and *People* v. *Droste* (Mich.) 125 N. W. 87.

The whole subject is exhaustively treated by Prof. Wigmore. Wigmore on Evidence, §§ 1395-1417.

In sec. 1406, the learned author said:

''Any physical incapacity preventing attendance in court, except at the risk of serious pain or danger to the witness, should be sufficient cause of unavailability; and this has been almost universally recognized by courts. Certain distinctions, however, have from time to time received special notice. (a) The duration of the illness need only be in probability such that, with regard to the importance of the testimony, the trial cannot be postponed. (b) As to the degree of the illness, the traditional phrase, 'so ill as not to be able to travel,' sufficiently indicates the requirements of common sense; and the 'ability' is to be considered with reference to the risk of pain or danger to the witness.''

This rule comports with sound reason, and is in accord with our own decisions on the question.

In *McNamara* v. *State*, 60 Ark. 400, the court quoted from Greenleaf on Evidence substantially as laid down above. This shows that the mind of the court was expressly directed to the rule in that case. There the subpoena had been issued for the witness, who could not be found, and the officer returned that he was informed by those who knew him that he was out of the State. The court said that the defendant had the power to cross-

examine the witness at the coroner's inquest, and was legally called upon to do so. The witness' testimony taken at the coroner's inquest was allowed to be read to the jury, without any showing that the witness was permanently out of the jurisdiction of the court.

Again, in *Kelley* v. *State,* 133 Ark. 261, the testimony taken at the coroner's inquest of an absent witness was allowed to be read to the jury, on the showing by the sheriff that he had gone to the usual working place of the witness to serve a subpoena on him, and was told that the witness had gone to Louisiana. The court held that the absence of the witness from the State was sufficiently established to justify the introduction of his evidence given before the coroner. If the State is not required to show that a witness who has left the State intends to remain permanently absent, it would seem that there would be no good reason to require the State to show that a witness who is ill is permanently so, and not merely too ill to attend at the term of the court at which the case is tried.

In the present case the absent witness was the mother of the prosecuting witness. The prosecuting witness testified that her mother was at home, sick in bed. She had been duly subpoenaed to attend the trial, and an attachment was issued for her, and the deputy sheriff, who was sent to serve it, reported to the court that she was sick in bed and under the care of a physician. The court knew the length of the term of the court, the relationship of the absent witness to the prosecuting witness, the importance of her testimony, and all of the attendant circumstances. In cases of this sort much must be left to the discretion of the trial court in order to prevent the trial of cases from being unnecessarily delayed. Where the testimony of the absent witness is of such a character that the rights of the accused can be better protected by the presence of the absent witness, the court should continue the case until the next term. This course would depend upon the particular circumstances of each case. No such showing was made here. When all the circum-

stances are considered, it cannot be said that the court erred in finding that the witness was too ill to attend at that term of the court, or erred in admitting the testimony of the witness taken at the examining trial of the defendant.

The action of the court in allowing the prosecuting witness to testify that she had contracted a venereal disease from the defendant is also assigned as error. The defendant denied having sexual intercourse with the prosecuting witness, and denied having a venereal disease. The court told the jury that the evidence was submitted to it as a circumstance to be considered for whatever it might be thought worth in determining the truth or falsity of the evidence of the prosecuting witness, and for no other purpose. This had the effect of eliminating any prejudice that might have resulted to the defendant from the jury considering it as affirmative evidence tending to corroborate the testimony on the main fact.

We find no prejudicial error in the record, and the judgment will be affirmed.