## MORRIS v. STATE.

### Opinion delivered September 29, 1924.

1. CRIMINAL LAW—EVIDENCE OF ANOTHER CRIME.—In a prosecution for assault with intent to kill certain officers it was competent to prove by a witness that defendant criminally assaulted her just before he shot at the officers, as her testimony tended to explain how she recognized defendant as the man who shot at the officers.

2. CRIMINAL LAW—PROOF OF ANOTHER CRIME.—Guilt of an assault with intent to kill cannot be established by proof that defendant committed other and disconnected crimes at different times and places.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade,* Judge; reversed.

*Ray E. Griffin, Geo. W. Ellis,* and *Robt. E. McClintock,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

SMITH, J. Appellant was convicted of the crime of assault with intent to kill, and his punishment fixed at a term of eight years in the penitentiary, and he has appealed. For the reversal of the judgment it is insisted that the court admitted certain incompetent testimony.

The first testimony objected to is that of Pensacola Jones, who testified that appellant broke into her room and assaulted her on the night of the shooting. She was heard to scream, and the police were called to see about the disturbance. When the officers entered and spoke to appellant, he fired twice at them, and ran out of the door. The witness was permitted, over the objection of appellant, to detail the circumstances of the assault upon her.

The appellant sought to prove an alibi, and the testimony of Pensacola Jones was competent as it tended to

show the identity of the witness' assailant. Her testimony about the assault showed her opportunity for recognizing and identifying appellant. She testified that the man who assaulted her was the same man who fired at the officers, and it was competent for her to show how she recognized him as the man who had fired the shots, and, the testimony being competent for this purpose, it could not have been excluded because it also tended to show that appellant was guilty of another offense. *Davis* v. *State,* 117 Ark. 296.

The shooting and the assault on Pensacola Jones occurred about May 1, 1924. In addition to this testimony, Fannie Wells was permitted, over appellant's objection, to testify that, at another time and place, appellant entered her room and, with a pistol in his hand, robbed her of twenty-five cents which she had on a dresser.

Reetha Piggee, another witness for the State, was permitted to testify, over appellant's objection, that, at still another time and place, appellant entered her room, and, with a pistol in his hand, assaulted her.

The testimony of these last two named witnesses was objected to when offered, and a motion to exclude it was overruled and exceptions saved. In overruling the motion the court in each instance stated: "The jury will understand that the defendant is not on trial for anything that was done to the witness. You may consider her evidence for what you may think it is worth, if anything, for considering the motive of the defendant in shooting at the officers, if you find he did shoot at them." An exception was saved in each instance to the ruling of the court.

The testimony of Fannie Wells and Reetha Piggee was erroneous and necessarily prejudicial. There was no question about the motive of appellant in shooting at the officers. He denied that he was the man who had fired the shots, and the man who did fire them did so for the purpose of effecting his escape.

The testimony of Fannie Wells and Reetha Piggee is defended upon the grounds that it tended to show motive upon the part of appellant, the motive being a desire to avoid arrest, and that it was proper for the purpose of identifying appellant as the man who had shot at the officers.

The testimony was not admissible for either purpose. The offenses testified about by the three women were entirely separate and distinct offenses, committed at different times and different places, and neither witness was present at more than one time or place, and no one of the witnesses knew anything about the offenses except the one committed in her presence. Neither Fannie Wells nor Reetha Piggee were present at the time appellant is alleged to have assaulted Pensacola Jones and to have shot at the officers, and they could not, of course, testify, and did not offer to testify, that appellant was the man who fired the shots at the officers.

The admission of this incompetent testimony was therefore erroneous and prejudicial, and for that reason the judgment must be reversed, and the cause remanded for a new trial, and it is so ordered. *Mays* v. *State,* 163 Ark. 232; *Middleton* v. *State,* 162 Ark. 530; *Wood* v. *State,* 157 Ark. 503; *Williams* v. *State,* 156 Ark. 205; *Cain* v. *State,* 149 Ark. 616; *Sneed* v. *State,* 143 Ark. 178; *Beck* v. *State,* 141 Ark. 102; *Murphy* v. *State,* 130 Ark. 353; *Davis* v. *State,* 117 Ark. 296; *Billings* v. *State,* 52 Ark. 303; *McGuffin* v. *State,* 156 Ark. 392; *Cole* v. *State,* 156 Ark. 9; *Cook* v. *State,* 155 Ark. 106; *Spier* v. *State,* 130 Ark. 457; *Johnson* v. *State,* 152 Ark. 218; *Nichols* v. *State,* 153 Ark. 467; *Casteel* v. *State,* 151 Ark. 69; *Powell* v. *State,* 149 Ark. 311; *Blumensteil* v. *State,* 148 Ark. 421; *Hettle* v. *State,* 144 Ark. 564; *Parks* v. *State,* 136 Ark. 562.