ROBERTS *v.* STATE.

Opinion delivered April 8, 1929.

*David A. Smith,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

McHANEY, J. Appellant was indicted and convicted of the crime of possessing a still, and sentenced to one year in the penitentiary.

He·seeks a reversal of the case on the sole ground that the court erred in refusing to grant him a new trial on account of newly discovered evidence of which he had no knowledge at the time of the trial. Two witnesses, Owen Bead and Robert Bead, his son, had given certain testimony to the effect that appellant and another had been in the possession of and operating a still on Owen Bead's land in Miller County, Arkansas. The newly discovered evidence brought forth in the motion for a new trial, consisted of the affidavits of Ross Williams and Will Dowd, stating in effect, that they had, on different occasions, purchased liquor from Owen Bead in the presence of his son, Robert Bead and Holder, the other witness for the State.

The court did not err in overruling the motion for a new trial in this regard. Conceding the competency of this evidence, it would only tend to prove that the prosecuting witnesses, or one of them, Owen Bead, was a bootlegger, a matter which would merely go to the credibility of the witness. The prosecuting witnesses were all negroes, and the appellant is a white man. Owen Bead was asked on cross-examination if he had ever made whiskey and he answered that he had not, and if the newly discovered witnesses had been present, their testimony would have only tended to prove that Bead had sold whiskey, and not that he made it. Moreover, this court has many times held that it will not reverse the action of the trial court in overruling a motion for a new trial on the ground of newly discovered evidence, which evidence goes only to the credibility of a witness.

In *Snetzer* v. *State,* 170 Ark. 175, 279 S. W. 9, the court said that "as this testimony tended only to impeach the credibility of the witness, the court committed no error in refusing to grant a new trial on that account." Citing *Morris* v. *State,* 145 Ark. 241, 224 S. W. 724. Numerous cases might be cited to the same effect.

Appellant relies upon the recent case of *Huckabee* v. *State,* 174 Ark. 859, 296 S. W. 716, but the facts in that case have no application to the case at bar. There, the guilty party came into court shortly after Huckabee was convicted, and made an affidavit that he and another, and not Huckabee, were the guilty parties, and that Huckabee was innocent, and we held in that case, that while motions for a new trial are addressed to the sound discretion of the trial court, and that it is only in cases of an apparent abuse of such discretion that this court interferes, yet in that case there was such an abuse of discretion as justified this court in reversing the case for a new trial, in order that the guilty men might be convicted and the innocent discharged. No such facts appear in the case at bar, but only such evidence as would tend to impeach the testimony of the prosecuting witnesses.

The judgment must accordingly be affirmed.