REEDER v. STATE.

Opinion delivered May 19, 1930.

*Pryor, Miles & Pryor,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

MEHAFFY, J. The grand jury of Sebastian County returned four indictments against appellant, charging him with, (1), unlawfully and feloniously setting up a distillery for the purpose of manufacturing distilled spirits for beverage purposes; (2), keeping in his possession a still; (3), making mash; and (4), manufacturing and being interested in the manufacture of liquor. Each of the indictments contained all the necessary allegations required by statute to charge the crime mentioned. The indictments also charged Earnest Reeder, son of appellant, with the same offenses. Appellant entered a plea of not guilty in each case, the cases were consolidated by

agreement, a trial was had resulting in a conviction in each case. The punishment was fixed at imprisonment in the penitentiary for one year in each case, the sentences to run concurrently. This appeal is prosecuted to reverse the judgments of conviction.

Appellant contends that the evidence was not sufficient to justify the jury in finding him guilty. He admits, however, that the evidence of two witnesses introduced by the State connected appellant with the crimes charged, but he argues that their testimony is highly unsatisfactory, unreasonable and contradictory. These were questions, however, for the jury, and not for this court. The credibility of the witnesses, and the weight to be given their testimony, are for the jury, and there was substantial evidence to support the verdict. If the jury believed the two witnesses whose testimony connected the appellant with the crimes charged, they were justified in finding him guilty. Appellant earnestly insists that his motion for a new trial should have been granted on the ground of newly discovered evidence, and that the case should be reversed because the trial court refused to grant his motion on this ground. Mr. Houck and Mrs. Finley both testified, in substance, that the appellant who lived about one-half a mile from Houck's home, rented a stone potato house from Houck in which the still, equipment, etc., was found. The potato house was about sixty yards from Houck's dwelling house, and fifty or sixty yards from the hog pen. That appellant agreed to pay the rent of $10 a month in groceries, and that he did deliver the groceries. That appellant put two hogs in the pen on Houck's place, and that he brought feed for the hogs each day. After the time when witnesses say appellant rented the potato house, it was kept locked. Appellant denies renting the potato house, but admits that he put his son's hogs in the pen and fed them, and admits that he delivered groceries to Houck, but says the groceries were delivered for his son Earnest Reeder. In appellant's motion for new trial, he says that he dis-

covered after the trial that his son, Earnest Reeder, who was at that time confined in the county jail at Muskogee, Oklahoma, had stated in an affidavit that appellant had nothing to do, and knew nothing about the still and equipment for which he was convicted; that the still and equipment belonged to J. H. Houck and Earnest Reeder; that he had talked with his son about the case, and asked his son if he knew anything about the facts, and his son refused before the trial to disclose the facts which were in his knowledge; that appellant knew of no other witness by which he could establish his innocence; that these facts were only obtained from the son after his conviction; that he used all diligence in preparing his defense; that he did not know his son would testify to any of these facts until after his conviction, and that, if a new trial is granted, he will have his son present to testify. The affidavit of his son, Earnest Reeder, was attached to his motion for new trial.

Evidence to be newly discovered must be found out since the trial, and it must appear that it could not have been known at the time of the trial by the exercise of reasonable diligence. *Johnson* v. *Johnson,* 169 Ark. 1151, 277 S. W. 535. Appellant in this case knew that his son was charged jointly with him. He knew that his son knew all the facts about the hogs, the feed and the delivery of the groceries, and he knew his son was an important witness to establish the facts about whose hogs were in the pen, and who sent the groceries to Houck, if appellant delivered them for his son as he testified. Appellant cites and relies on *Huckabee* v. *State,* 174 Ark. 859, 296 S. W. 716. The facts in this case do not bring it within the rule announced in that case. The court in that case, however, said: "And it is also true that this court has held in numerous cases that a motion for a new trial for newly discovered evidence should show diligence in getting such evidence on the trial of the case, and must ordinarily show an excuse why such evidence was not produced at the trial." It is within the discre-

tion of the trial court to grant a new trial or not. *Carter v. State,* 174 Ark. 871, 298 S. W. 7; *Jewel Coal Mining Company* v. *Whitner,* 170 Ark. 393, 279 S. W. 1031; *Houston* v. *State,* 130 Ark. 591, 197 S. W. 576; *Brown* v. *State,* 143 Ark. 523, 222 S. W. 377.

In criminal, as in civil cases, the grant or refusal of a new trial is generally said to rest in the sound discretion of the trial court, and the appellate court has no right to review the exercise of such discretion, unless it appears that it has been abused to the prejudice of the defendant. 16 C. J. 1119.

Of course, this discretion is founded on established legal principles, and is to be exercised for the promotion of justice and the protection of the innocent. We do not think the trial court abused its discretion in refusing to grant a new trial in this case, and the judgment is therefore affirmed.