WATSON *v.* STATE.

4784                                      272 S. W. 2d 314

Opinion delivered November 8, 1954.

*Batchelor & Batchelor, Nelson H. Sadler* and *Mark E. Woolsey,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Assistant Attorney General, for appellee.

ROBINSON, J. Appellant was charged with assault with intent to kill, convicted of aggravated assault, and his punishment fixed at one year's imprisonment in the

county jail and a fine of $1,000. There are two issues on appeal; first, it is contended by appellant that the trial court erred in refusing to admit evidence that E. C. Bailey, the person on whom the assault was made, was an habitual drinker and user of alcoholic liquors; second, it is contended that the punishment is excessive.

Appellant Payton Watson and E. C. Bailey were employees of the Arkansas Western Gas Company. E. P. Bailey, brother of E. C. Bailey, was the drilling superintendent for the company. The superintendent, E. P. Bailey, discharged Watson, and on the following morning appellant Watson armed himself with a pistol and went to a little shack where the workmen changed their clothes and also kept some tools. E. C. Bailey was inside this little building, sitting on a tool box. Watson proceeded to challenge Bailey to fight, cursed him in the vilest manner, said to him, "This is pay day," and continued to curse him for about five minutes. Bailey did not come out of the shack or get off the tool box where he was sitting. Thereupon Watson pulled his pistol. At that time Homer Pettigrew stepped between Watson and Bailey, and Watson said, "Pop, ——— damn you, I would hate to kill you; get out of my way." Also someone made the remark, "Watson, I wouldn't do this, I wouldn't talk like this and about doing a thing like this; remember Curly [Bailey] has a family"; and Watson said, "To hell with his ——— damn family," and fired into the building. Witnesses testified that the gun was pointed in the direction of Bailey. All of the evidence taken together would sustain a conviction for assault with intent to kill.

Appellant Watson offered evidence to the effect that E. C. Bailey was an habitual user of alcoholic liquor. It is appellant's contention that E. C. Bailey had put pressure upon him to purchase whiskey for Bailey, by at least implying that if Watson did not make such purchases Bailey would use his influence with his brother to have Watson discharged from his job; and further that evidence that Bailey was a chronic alcoholic would corroborate Watson and such fact should be considered by the jury in mitigation of the punishment. It is proper to

prove relevant facts in mitigation of punishment for an assault, but the evidence here offered was entirely too remote. Even if Bailey had pressured appellant into buying whiskey at some time in the past, it would not be such a circumstance as could be considered in mitigation of an aggravated assault.

Appellant next maintains the punishment is excessive. The language of the court in *Jutson and Winters v. State,* 213 Ark. 193, 209 S. W. 2d 681, is applicable here. There the court said: ''Appellants also say the punishment is excessive. It was the peculiar province of the jury to weigh the testimony of the witnesses. If the jury believed the testimony of witnesses for the State, appellants were guilty of a violent, unprovoked and inexcusable attack upon the prosecuting witness with a deadly weapon. While the punishment inflicted is severe, it is authorized by the statute . . . and this court will not, under the circumstances, reduce the punishment assessed by the jury. *Hall* v. *State,* 113 Ark. 454, 168 S. W. 1122; *Daugherty* v. *State,* 130 Ark. 333, 197 S. W. 576; *Wagner* v. *State,* 183 Ark. 1153, 37 S. W. 2d 86.''

Affirmed.