NORRID *v.* STATE.

Crim. 3856

Opinion delivered September 25, 1933.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

BUTLER, J. On the 28th day of March, 1933, the Bratt State Bank, located at Siloam Springs, Arkansas, was burglariously entered and robbed by two or more persons acting jointly. Ed Foreman and the appellant were jointly charged with the offense in an indictment charging burglary in the first count and robbery in the second. The trial was severed, Ed Foreman first being put upon trial and found guilty, and on the day following his conviction the appellant was arraigned and entered his plea of not guilty. At the trial which followed, the appellant was convicted on both counts and sentenced to imprisonment in the State penitentiary. From that judgment is this appeal.

On motion for a new trial, error was alleged in that the verdict of the jury was contrary to the evidence, that the court erred in overruling defendant's challenges for cause of certain jurors, in the exclusion of testimony of witnesses offered to establish the good reputation of certain other witnesses who had testified for the defendant on his defense of an alibi, and in overruling his objection to the argument of counsel for the State and failing

to reprimand said counsel, and in overruling the supplemental motion for a new trial in which newly-discovered evidence was alleged. No abstract or brief has been furnished by the appellant, but this has been supplied by the Attorney General's office, from an examination of which and of the record we find none of the assignments of error well taken.

The evidence is uncontradicted that on the date alleged the bank was robbed by three men, the appellant being identified by a number of witnesses as being one of the three. Appellant's defense was an alibi and a number of witnesses testified that on the day and hour of the robbery he was in the State of Oklahoma, but the jury found the issues against him, and, under well-settled rules, its verdict is conclusive on us, there being substantial testimony to support it.

No evidence attacking the general reputation of the witnesses offered to establish the alibi had been offered or introduced on the part of the State, and therefore the evidence as to the good character of such witnesses was inadmissible (§ 4189, Crawford & Moses' Digest), and the court did not err in its refusal to permit the introduction of such evidence.

There was no error in overruling the objection to the argument of counsel for the State or in the refusal of the court to reprimand him therefor, for this argument as preserved in the record appears to have been nothing more than a legitimate criticism of the defense offered and of the character of the witnesses testifying to it.

The alleged newly-discovered evidence contained in the supplemental motion for a new trial was merely cumulative of that offered on the trial of the case, or such as tended to impeach the credibility of the State's witnesses. This character of evidence is not sufficient to impel the court to grant a new trial, and the court did not abuse its discretion in overruling that motion. *Edgeman* v. *State*, 183 Ark. 17, 34 S. W. (2d) 753; *Reeder* v. *State*, 181 Ark. 813, 27 S. W. (2d) 989.

The most serious question raised is that contained in the fourth assignment of error relating to the overrul-

ing of defendant's challenges for cause of the twelve jurors who, on the previous day, tried and convicted his co-defendant, Ed Foreman. It is apparent that the evidence tending to connect the defendant with the commission of the offense and establishing his guilt or participation therein was necessarily involved in the trial of Foreman on the preceding day. On the court's refusal to excuse these jurors for cause, the defendant peremptorily challenged each of them. These jurors, on their *voir dire,* stated that, although they had heard the evidence in the preceding case, they entertained no opinion as to the guilt or innocence of the defendant and could and would give him a fair trial, if chosen as jurors, on the evidence introduced at his trial and nothing else, and would give him the benefit of any reasonable doubt arising from the evidence as to his guilt or innocence and resolve that doubt, if any, in his favor. Whether or not, in the interest of justice, notwithstanding the statements of the jurors, the court should have excused them is a question not necessary for us to decide since the record fails to show that the defendant was obliged to exhaust his peremptory challenges in the excuse of these jurors, and for this reason no prejudicial error appears. *Hanshaw* v. *State,* 67 Ark. 365, 55 S. W. 157; *St. L., I. M. & S. R. Co.* v. *Aiken,* 100 Ark. 437, 140 S. W. 698; *Holt* v. *State,* 91 Ark. 576, 121 S. W. 1072.

In the supplemental motion for a new trial the power to try the case, or to cause a trial jury to be summoned, is questioned because the case was heard and the jury summoned at a special term of the court. Sections 2218-2223 of Crawford & Moses' Digest, both inclusive, prescribe under what circumstances and in what manner special terms of the court may be called and held. An examination of the record discloses that the circumstances existed as named in the statute, that the necessary preliminary orders were made and properly entered on the record of the court, all the facts appearing in said orders necessary to give the court jurisdiction. While the statute does not in express terms authorize the summoning of a special jury or direct the manner in which

it shall be selected, the power of the court to require and direct how a trial jury shall be selected and summoned is a necessary incident to the trial, and the court therefore has inherent power to make all necessary and reasonable orders with respect thereto.

It is not necessary that the order summoning the petit jury should be embraced in the call for the special term. This is so for the reason that it cannot be known in advance whether the grand jury will return indictments; and to issue a *venire facias* for a petit jury before indictments are returned, and when they might not be returned at all, would be causing the officials unnecessary labor and the county unnecessary expense. The statute expressly empowers the court to provide all necessary judicial machinery for the legal trial, which includes the summoning of a petit jury. The summoning of such jury becomes necessary only after the indictments have been returned, and the due and proper course is not to have a *venire facias* for same until the indictments are returned. *Bettis* v. *State,* 164 Ark., at page 21, 261 S. W. 46.

We have examined the indictment and find the same to have been properly framed and duly returned, and the court fully and fairly instructed the jury as to the law of the case.

No error appearing, the case is affirmed.