UNITED STATES of America,
Plaintiff-Appellee,

v.

Tommie C. TILL, Defendant-Appellant.

No. 79–5017

Summary Calendar.\*

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 1980.

\* Fed.R.App.P. 34(a); 5th Cir.R. 18.

Harlan P. Cohen (Court Appointed), Dallas, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

Appellant, Tommie C. Till, was convicted in the Western District of Texas of conspiracy to possess and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) & 846. For the reasons stated below, we reverse and remand for a new trial.

### A. Facts

In April 1978, Arkie Elijah Borders contacted Detective Terry Weick, a Drug Enforcement Administration officer, and offered to become a confidential informant. He indicated that he had a friend who had access to a large amount of marijuana. A meeting was set up at which DEA agents Weick and Newkirk, the informer Borders, and the appellant were present. A marijuana deal was negotiated. Three days later, after several interim meetings, the deal was consummated and Appellant was arrested.

### B. Issues on Appeal

1. *Exclusion of Defendant's Testimony*

In order to establish an entrapment defense, Appellant attempted to testify regarding statements made to him by informant Borders, who was not available at trial. This testimony was excluded as hearsay upon objection by the Government.

On appeal Appellant argues that exclusion of this testimony constituted reversible error because (1) it was properly admissible, and (2) it was highly relevant and material to the entrapment defense. The Government confesses error on this point, citing *United States v. Herrera,* 600 F.2d 502 (5th Cir. 1979). In *Herrera,* as here, the testimony excluded was not introduced to prove the truth of the matter asserted but only to show the defendant's state of mind. There, as here, the evidence excluded was relevant to a defense asserted by the defendant.

The Government's confession of error, therefore, is well taken and the conviction is reversed.[1]

2. *Entrapment Defense*

It is the Appellant's further contention that he presented sufficient evidence of entrapment to shift the burden of proof to the Government and that the Government failed to satisfy its burden. Because the Double Jeopardy clause prevents retrial if the Government did not rebut the defendant's proof of entrapment, *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), this issue must be decided before the case is remanded.

Appellant testified that he was lured into this criminal transaction out of sympathy for his friend Borders and that he was merely acting at Borders' behest and carrying out Borders' instructions. This was sufficient to satisfy his burden of proof, shifting the burden to the Government to prove beyond a reasonable doubt that Appellant was predisposed to commit the offense. *United States v. Hammond,* 598 F.2d 1008 (5th Cir. 1979).

Although the Appellant asserts the Government presented no evidence on predisposition, there was evidence from which the jury could infer that Appellant was not the innocent victim he portrayed himself to be. The evidence shows Appellant took an active part in the dealings with the DEA agents, he displayed a level of knowledge

1. Appellant also claims that he was denied his Sixth Amendment right to present witnesses in his favor and his Fifth Amendment Due Process rights by the Government's interfering with the appearance of Thomas McKay as a witness for the defense. Because we reverse on the ground of improper exclusion of testimony, we need not rule on this contention.

and expertise inconsistent with his characterization of himself as a novice dealer, and he not only discussed past transactions but offered to deal in the future.

█ The Appellant admits the existence of this evidence, but asserts that he was lying to impress Borders' customers. Thus, a classic credibility choice was presented. Viewing the evidence in the light most favorable to the Government, *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), we cannot say the evidence was insufficient to sustain the jury's decision that Appellant was not entrapped.

### 3. *"Outrageous Conduct" Defense*

Appellant further urges that even if he was not entrapped, the Government was so involved in this transaction that the conviction should be reversed either under the court's general supervisory powers or under due process principles, either of which would preclude retrial. *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *United States v. Graves*, 556 F.2d 1319, 1321–22, 1324 (5th Cir. 1977), *cert. denied*, 435 U.S. 923, 98 S.Ct. 1485, 55 L.Ed.2d 516 (1978). We disagree.

█ The Government's involvement in this case did not present a "full-circle" transaction—a government agent supplying drugs to the defendant for sale to another government agent—condemned in *United States v. Bueno*, 447 F.2d 903 (5th Cir. 1971), *cert. denied*, 411 U.S. 949, 93 S.Ct. 1931, 36 L.Ed.2d 411 (1973) and *United States v. Oquendo*, 490 F.2d 161 (5th Cir. 1974). Rather, here the Government was merely acting as a purchaser of drugs supplied by the Appellant. Such conduct is not so outrageous as to result in a denial of due process. *See, e. g., Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976).

REVERSED AND REMANDED.