Eddie Lee COLLINS *v.* STATE of Arkansas

CA CR 83-145                                    669 S.W.2d 505

Court of Appeals of Arkansas
Division II
Opinion delivered May 30, 1984

*Hawkins & Metzger,* by: *Claude S. Hawkins, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Velda West Vanderbilt,* Asst. Atty. Gen., for appellee.

MELVIN MAYFIELD, Chief Judge. The appellant was convicted of carnal abuse in the first degree and sentenced to ten years and a fine of $10,000. He was charged with the crime after the eleven-year-old daughter of his live-in girlfriend reported to her grandmother that appellant had been coming to her bed and forcing her to engage in sexual contact and intercourse with him for the past three years. Only one incident, alleged to have occurred on July 16, 1982, was charged.

Appellant's first argument for reversal is that the trial court erred by allowing testimony concerning prior "bad

acts'' alleged to have been committed by him. He bases this argument on two instances in which the jury was allowed to hear testimony that he had committed prior sexual offenses against the young girl.

The first instance occurred when the girl's mother testified that she had seen the defendant display his penis to the girl and order her to perform fellatio. This took place in their home approximately one month before the incident with which appellant was charged. Immediately after this testimony, the judge admonished the jury that it was not admissible to prove the character of a person in order to show that he acted in conformity therewith, but only for the purpose of showing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The second instance complained of occurred when the prosecutrix was allowed to testify that appellant had been coming to her bed on weekends since she was eight years old, forcing her to have sexual intercourse with him and trying to force her to perform fellatio on him. Again the trial court admonished the jury.

It is appellant's argument that the admission of this evidence was error under Rule 404(b) of the Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001, which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Appellant cites *Wood* v. *State*, 248 Ark. 109, 450 S.W.2d 537 (1970), and admits it holds that in cases similar to the one here involved the prior acts of misconduct are admissible. However, the appellant says that since the adoption of the Uniform Rules of Evidence in 1976, the law expressed in *Wood* has been superseded.

We do not agree. To the contrary, in *Price* v. *State*, 267 Ark. 1172, 599 S.W.2d 394 (Ark. App. 1980), this court noted that Rule 404(b) only codified the law in existence before the rule was adopted; and in *Price* v. *State*, 268 Ark. 535, 597 S.W.2d 598 (1980), the Arkansas Supreme Court reviewed and affirmed our *Price* decision and relying upon *Alford* v. *State*, 223 Ark. 330, 266 S.W.2d 804 (1954), said the rule "clearly permits" evidence of other criminal activity committed by a defendant "if it has relevancy independent of a mere showing that the defendant is a bad character." The *Alford* case, decided long before the Uniform Rules of Evidence were adopted, contains this language:

> Superficially similar to the case at bar are those decisions holding that in trials for incest or carnal abuse the State may show other acts of intercourse *between the same parties. Adams* v. *State*, 78 Ark. 16, 92 S.W. 1123; *Williams* v. *State*, 156 Ark. 205, 246 S.W. 503. But obviously such testimony is directly relevant to the question at issue. As stated in the *Williams* case, such prior acts of intercourse show "the relation and intimacy of the parties, their disposition and antecedent conduct toward each other," and for that reason the evidence aids the jury in determining whether the offense was committed on the particular occasion charged in the indictment.
>
> Again, where the charge involves unnatural sexual acts proof of prior similar offenses has been received. *Hummel* v. *State*, 210 Ark. 471, 196 S.W.2d 594; *Roach* v. *State*, 222 Ark. 738, 262 S.W.2d 647. Such evidence shows not that the accused is a criminal but that he has "a depraved sexual instinct," to quote Judge Parker's phrase in *Lovely* v. *United States*, 4th Cir., 169 F.2d 386.

223 Ark. at 335.

In the case at bar, we think the evidence that appellant had made a sexual overture to the little girl in her mother's presence and that he had been sexually molesting her for three years was admissible under Rule 404(b) and the cited case law. This evidence tends to show that appellant did not

crawl into the girl's bed on the night of July 16, 1982, by mistake, accident, or because he was drunk. The prior acts were committed under circumstances similar to the July 16 act, and all of them were after appellant and the girl's mother had been drinking and the mother had fallen asleep. All of this, plus appellant's unnatural sexual advances, were relevant to show purpose, plan, and opportunity. To hold it admissible under Rule 404(b) is in keeping with decisions in other states. *See Elliott* v. *State*, 600 P.2d 1044 (Wyo. 1979); *State* v. *Jerousek*, 590 P.2d 1366 (Ariz. 1979). No argument is made that the prejudicial effect of the evidence outweighed its probative value, and we find no error in its admission.

Appellant's other argument is that the court erred in admitting evidence of the victim's truthful character. The appellant testified that she was lying. He said everything she said was a lie and that her grandmother put her up to it because the grandmother did not want the girl's mother and the appellant to live together. Afterwards, on rebuttal, the State, over appellant's objection, was allowed to put into evidence the testimony of the girl's schoolteacher that the child's general reputation for truthfulness was good. Uniform Evidence Rule 608(a) provides:

> The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

It might seem from a simple reading of the rule that the appellant's testimony that the prosecuting witness was lying because her grandmother put her up to it would suffice to meet the requirement that the witness's character for truthfulness must be attacked before evidence of good character can be introduced. This exact situation, however, may not have been decided.

The State concedes, and it seems clear, that the mere fact

that a witness has been contradicted by other evidence does not constitute an attack upon the witness's character for truthfulness. *See Kauz* v. *United States,* 188 F.2d 9 (5th Cir. 1951). What will constitute such an attack is discussed in E. Cleary, *McCormick on Evidence* § 49 (2d ed. 1972), where different situations are considered. McCormick thinks even a "slashing cross-examination" may be enough, but suggests that it is unrealistic to handle the matter in any mechanical fashion. His conclusion is:

> A more sensible view is the notion that the judge should consider in each case whether the particular impeachment for inconsistency and the conflict in testimony, or either of them, amounts in net effect to an attack on character for truth and should exercise his discretion accordingly to admit or exclude the character-support.

3 J. Weinstein & M. Berger, *Weinstein's Evidence* par. 608[08], at 608-48 (1982), states that the mandate of Uniform Evidence Rule 401 to admit all relevant evidence "should be construed to authorize — but not to require — the admission of supportive character evidence" if the trial judge finds that the contradiction of a witness amounted to an attack on veracity. That suggestion was expressly adopted in *United States* v. *Medical Therapy Sciences, Inc.,* 583 F.2d 36 (2nd Cir. 1978), where the court said, "We think that trial judges should be permitted, under Rule 608, to exercise sound discretion to permit or deny a party the use of character evidence to support veracity."

Here, the trial judge allowed the State to introduce the supportive character evidence. The views expressed above indicate to us that we should leave the matter to the trial judge's discretion. Furthermore, there are two cases that indicate we should not disturb that discretion under the circumstances of this case.

In *Elliott* v. *State,* 600 P.2d 1044 (Wyo. 1979), which we cited earlier, the trial court allowed the victim's mother to testify that the victim was truthful. This was affirmed on appeal because the defendant testified that the reason the

victim would accuse him was "his being the closest one there and her mother and I not getting along," and because the defendant "indicated that the victim was selective with respect to truthfulness." In *State* v. *Craven*, 527 P.2d 1003 (Kan. 1974), the allowance of character for truthfulness evidence was affirmed. The court said:

> As the record points out, defendant repeatedly contradicted earlier statements given by the state's witnesses, and even stated that one witness "was not telling the truth." In the light of such evidence we cannot say the trial court abused its discretion.

It is, therefore, our view that the trial court in the instant case did not err in admitting the evidence of the victim's truthful character. In the cases of *Norrid* v. *State*, 188 Ark. 32, 63 S.W.2d 526 (1933) and *Lockett* v. *State*, 136 Ark. 473, 207 S.W. 55 (1918), cited by appellant, there was simply no evidence sufficient to constitute an attack on the witness's reputation for truthfulness. As we have said, in this case, we think the matter was for the exercise of the trial court's discretion and we find no abuse in that regard.

Affirmed.

CRACRAFT and COOPER, JJ., agree.