Marvin MAPLES, Sr. *v.* STATE of Arkansas

CA CR 85-94                                698 S.W.2d 807

Court of Appeals of Arkansas
En Banc
Opinion delivered November 13, 1985

176

*William R. Simpson, Jr.*, Public Defender, and *Jerry Sallings*, Deputy Public Defender, by: *Arthur L. Allen*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Connie Griffin*, Asst. Att'y Gen., for appellee.

LAWSON CLONINGER, Judge. The appellant, Marvin Maples, Sr., was charged with criminal attempt to commit first degree murder. The victim was appellant's ex-wife, Elaine

Maples. Appellant was convicted by a jury of the lesser included offense of aggravated assault and sentenced to fifteen years in prison.

Appellant contends that there is no substantial evidence to support the jury's verdict. He also contends that the jury's verdict is inconsistent, and that the trial court erred in permitting the State to present character evidence that the victim was a truthful person when appellant had challenged only credibility and not character. We hold that the trial court erred in admitting evidence of Elaine Maples' character and we reverse and remand for a new trial.

In his first point for reversal, appellant contends that there was insufficient evidence to support the jury's verdict.

Although we are reversing the judgment in this case on an evidentiary issue, and remanding for a new trial, we must first review appellant's challenge to the sufficiency of the evidence. In doing so, we disregard other possible trial errors. In *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984), the Arkansas Supreme Court, relying upon *Burks* v. *United States*, 437 U.S. 1, 98 S.Ct. 2141 (1978), stated:

> Were we not to make such a review [review the sufficiency issue first], the alternative is to avoid the sufficiency argument by remanding for retrial on the other grounds. But unless the reasons for a new trial are defeated by reviewing the sufficiency first, including the inadmissible evidence, generally the review should be granted. That is what *Burks* requires.

The Arkansas Supreme Court, in *Harris*, explained its reasoning in this manner:

> Because of unfortuitous errors by the trial court and the defendant's right to object to those errors, the defendant should not be precluded from a review of the sufficiency or, in the alternative, forced to gamble entirely on the sufficiency issue by electing to forego all other objections. For an appellate court to avoid the argument by reversing on other grounds would ignore the protection intended by the double jeopardy clause as interpreted in *Burks.*

■■ In resolving the issue of sufficiency of the evidence in a criminal case, we review the evidence in the light most favorable to the appellee and affirm if there is any substantial evidence to support the verdict. Substantial evidence is evidence that is of sufficient force and character that it will compel a reasonable mind to reach a conclusion one way or the other, but it must force the mind to pass beyond suspicion or conjecture. *Honea v. State,* 15 Ark. App. 382, 695 S.W.2d 391 (1985).

Most of the evidence in this case was in the form of testimony from the victim, Elaine Maples. She stated that on the evening of February 4, 1984, she and appellant were on their way from Perryville to Little Rock to go dancing. On the way they pulled off on a dirt road near Ferndale, in Pulaski County, and Mrs. Maples left the car momentarily. When she returned, appellant tried to kiss her and she refused. Appellant then drove "up into the mountains," stopped the car again, locked the doors, and climbed on top of her. When she resisted appellant's advances he began slapping her and calling her names. Appellant then pulled out a knife, put it to Mrs. Maples' throat and threatened to "cut her up into little pieces and chunk her into the lake." He later pulled out two guns and told her he was going to blow her head off. After several similar threats, he put the guns away, drove back down to the highway and drove Mrs. Maples back to Perryville.

We find that this evidence is of sufficient force and character to constitute sufficient evidence to support the conviction of appellant for aggravated assault.

Appellant's second point for reversal is closely related to the first. He argues that it was impossible for the jury to find all the elements of aggravated assault after rejecting the charge of attempted murder in the first degree. He contends that this results in there being insufficient evidence to support the jury's verdict. Appellant cites no authority for his position and his argument is not convincing. See *Davis v. State,* 12 Ark. App. 79, 670 S.W.2d 472 (1984).

■ In order for the jury to convict appellant for attempted first degree murder, it would have had to find that he acted with a premeditated and deliberated purpose to cause the death of Mrs. Maples. Ark. Stat. Ann. § 41-1502 (Repl. 1977). Aggravated assault, Ark. Stat. Ann. § 41-1604 (Repl. 1977), is committed

when a person purposely engages in conduct that creates a substantial danger of death or serious physical injury under circumstances manifesting extreme indifference to the value of human life. It was permissible for the jury to reject the more serious charge, which would require a finding of the higher degree of culpability than was required of the lesser included offense, and to find appellant guilty of the lesser offense.

In his third argument, appellant urges that the trial judge erred when, over defense objection, he permitted the State to present a character witness to bolster Mrs. Maples' character. Appellant argues that permitting Sheriff Byrd of Perry County to testify as to the reputation of Elaine Maples for truthfulness and honesty before her character had been attacked by the defense was improper. The State maintains that Elaine Maples' character had been attacked during opening statement and on cross examination.

The credibility of any witness, including a defendant, is always an issue, but the character of a witness may only be brought into issue in accordance with the rules of evidence. Uniform Rules of Evidence, Rule 608(a)(2) states that "evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." In Arkansas there is no ironclad rule of law as to what constitutes an attack on the character of the witness. E. Cleary, *McCormick on Evidence*, § 49 (3d ed. 1984), states that even a "slashing cross examination" may constitute an attack on the character of the witness. He concludes:

> A more sensible view is the notion that the judge should consider in each case whether the particular impeachment for inconsistency and the conflict in testimony, or either of them, amounts in net effect to an attack on character for truth and should exercise his discretion accordingly to admit or exclude the character support.

In *Collins* v. *State*, 11 Ark. App. 282, 669 S.W.2d 505 (1984), we agreed with this view, and adopted the position that this matter should be left to the trial court's discretion. In *Collins*, the appellant testified that the eleven-year-old victim of carnal abuse was lying. He said everything she said was a lie and that her grandmother put her up to it. In that case, this court held that the

matter was properly left to the trial judge's discretion.

Examination of the record in the instant case, however, does not reveal any attack on Elaine Maples' character for truthfulness. Appellee points us to the appellant's opening statement and portions of the cross examination of Mrs. Maples as indicating an attack on her character. In his opening statement, appellant's attorney said, "However, Marvin [the appellant] disagrees with what Mrs. Maples said because it didn't happen that way." On cross examination, appellant also asked the victim if she knew who owned the vehicle that appellant had in his possession. The extent of the questioning, as argued by appellee, is as follows:

> Q.  Are you saying that under oath, you don't know who owned it?
>
> Mrs. Maples:  All I know is it—Marvin told me he paid cash for it.
>
> Q.  You don't know anything about one of his girlfriends owning the car?
>
> Mrs. Maples: (Indicates no.).

■  Although appellant's cross examination of Mrs. Maples might be described as vigorous, we do not believe it was the type of "slashing cross examination" contemplated in *McCormick, supra*, and *Collins* v. *State, supra*. It is our view that the trial judge exceeded the bounds of his discretion. Since the jury's decision necessarily rested on whether they found Mrs. Maples to be a credible witness, we conclude that this error is significant and warrants a new trial. Appellee, the State, concedes that its entire case rested on the truthfulness of the victim.

In his reply brief, appellant points out that appellee cited unabstracted material in its brief. In its brief, appellee, the State, argues that "during his opening statement, appellant questioned the victim's version of the story, indicating that she would not be truthful." Appellant then requests that we strike and disregard appellee's statement or consider the entire text. Appellant cites *Merrit* v. *Merrit*, 263 Ark. 432, 565 S.W.2d 603 (1978), as authority. In that case the trial court's ruling was affirmed because the abstract of the record was flagrantly deficient. It must be noted here that we will not strike arguments for minor

violations of Rule 9 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, and that we always have the freedom to review and consider the entire record. We have considered the entire record as to the point objected to, and in view of our disposition of this case, the violation is not prejudicial.

Reversed and remanded.

MAYFIELD, J., dissents.

COOPER, J., concurs.

JAMES R. COOPER, Judge, concurring. I write this concurring opinion solely for the purpose of emphasizing that, although I am required, by the Arkansas Supreme Court's decision in *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984), to agree that this Court must consider the sufficiency of the evidence, even where trial error is alleged, I am still firmly convinced that *Burks* v. *United States*, 437 U.S. 1 (1978), does not require us to do so. *See Harris* v. *State*, 12 Ark. App. 181, 672 S.W.2d 905 (1984) (Supplemental Opinion on Denial of Rehearing).

I concur.

MELVIN MAYFIELD, Judge, dissenting. The majority opinion cites *Collins* v. *State*, 11 Ark. App. 282, 669 S.W.2d 505 (1984), as holding that whether there has been an attack on a witness' character for truthfulness should be left to the trial court's discretion. While agreeing with that holding, the majority thinks the trial judge "exceeded the bounds of his discretion" in this case. I must dissent.

In his opening statement, appellant's attorney told the jury that "it didn't happen" like Mrs. Maples said. Then, when Mrs. Maples testified, the appellant's attorney said to her: "Are you saying, under oath, you don't know who owned it?" I submit that under these circumstances the judge knew better than this court whether the attorney's manner and demeanor and the tone and emphasis of his question constituted an attack on Mrs. Maples' character for truthfulness.

The Arkansas Supreme Court has said:

> The trial judge, in all of these evidentiary matters, must be afforded broad latitude. He, alone, has heard and

seen all the evidence and he, alone, is in the best position to decide what evidence would aid the jury and what would only confuse the issues. And, unless we can say he was clearly wrong, we will not substitute our judgment for his.

*Firestone Tire & Rubber Co.* v. *Little*, 276 Ark. 511, 521, 639 S.W.2d 726 (1982).

I have no vantage point that allows me to say the trial court was clearly wrong. I would affirm.